UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 05-22550 CIV-MOORE/TORRES

THOMAS W. LESLIE,

    Plaintiff,
v.
CARNIVAL CORPORATION, a
Panamanian corporation d/b/a
"CARNIVAL CRUISE LINE" and/or
"CARNIVAL,"

    Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO
## AMENDED COMPLAINT FOR NEGLIGENCE AND JURY DEMAND

Defendant CARNIVAL CORPORATION ("Carnival"), by and through its undersigned counsel, hereby answers Plaintiff's Amended Complaint, asserts affirmative defenses, and states as follows:

1.    Admitted that this Court has jurisdiction over Carnival for purposes of this litigation only. Denied as to the remainder.

2.    Unknown, therefore Denied.

3.    Admitted for purposes of this litigation only.

## CLAIM FOR NEGLIGENCE

4.    Admitted that Carnival carried millions of passengers from 2002 – 2004, some of which may have had disabilities; Denied as to the remainder.

5.    Denied.

6.    Denied as an incomplete and an inaccurate statement of the law.

7.    Unknown, therefore Denied.

8. Denied.

9. Admitted.

10. Denied.

11. Denied as an incomplete and an inaccurate statement of the law.

12. Denied as an incomplete and an inaccurate statement of the law.

13. (A. – B.) Admitted that in the 5-year period prior to December 2004, some passengers alleged they tripped, or stumbled, or lost their footing on stairways on Carnival's vessels; Denied as to the remainder.

14. Denied.

15. Admitted that some of the guidelines and recommendations may be applicable to passenger vessels; Denied as to the remainder.

16. Denied.

17. Admitted that Carnival was a defendant to said action; Denied as to the remainder.

18. Denied.

19. Admitted that some of the guidelines and recommendations may be applicable to passenger vessels; Denied as to the remainder.

20. Admitted that some of the guidelines and recommendations may be applicable to passenger vessels; Denied as to the remainder.

21. Admitted that Carnival settled said action; Denied as to the remainder.

22. Denied.

23. Denied as an incomplete and an inaccurate statement of the law.

24. Denied as an incomplete and an inaccurate statement of the law.

25. Admitted that there is a staircase leading to the ship's gymnasium; Denied that the area at the time of the alleged incident appeared as depicted in the photograph attached to the Amended Complaint.

26. Denied.

27. Denied, including all subparagraphs (A. – E.)

28. Denied.

29. Admitted that Plaintiff voluntarily consumed alcohol on the day of the alleged incident; Denied as to the remainder.

30. Denied.

31. Denied, including all subparagraphs (A. – M.)

32. Denied.

33. Denied.

**WHEREFORE**, having fully answered the Amended Complaint, the Defendant, Carnival Corporation, demands that the Amended Complaint be dismissed with prejudice to and at the cost of the Plaintiff.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff's own negligence was the sole proximate cause of his injuries and damages, if any, and, accordingly, the Plaintiff's claims are barred as a matter of law.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's own negligence contributed to the subject accident and his injuries and damages, if any, and accordingly, any award to the Plaintiff must be reduced in proportion to his own comparative negligence.

**THIRD AFFIRMATIVE DEFENSE**

The Plaintiff's injuries and damages, if any, were caused solely by the conduct of third persons not subject to the control, direction or supervision of Defendant and for which Defendant cannot be held liable.

**FOURTH AFFIRMATIVE DEFENSE**

The Plaintiff's injuries and damages, if any, were caused solely by an Act of God or perils of the sea for which Defendant cannot be held liable.

**FIFTH AFFIRMATIVE DEFENSE**

This action is governed by and subject to the terms, conditions and limitations of the contract of passage and Defendant adopts and incorporates the same, in its entirety, into its Answer and Affirmative Defenses by reference.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant fully discharged any duty to Plaintiff by warning him of any dangers and/or unique conditions of the vessel.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff failed to seek timely and/or appropriate medical treatment for his alleged injuries, and/or failed to follow the advice of his doctors which failure exacerbated the alleged injuries and any award of damages to the Plaintiff must be proportionately reduced.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate his damages.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are governed by general maritime law and any recovery by Plaintiff is therefore limited by general maritime law.

### TENTH AFFIRMATIVE DEFENSE

The Plaintiff's injuries and/or damages are the result of the aggravation of (a) prior injury(ies) and/or condition(s), and Plaintiff's damages, if any, are thereby limited to the degree of aggravation of this (these) preexisting condition(s) which was caused by the alleged accident.

### ELEVENTH AFFIRMATIVE DEFENSE

The allegedly dangerous condition was open and obvious and should have been observed by the Plaintiff through the ordinary use of his senses.

### TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred inasmuch as the Plaintiff knew of the existence of any alleged danger complained of in the Complaint, realized and appreciated the possibility of injury as a result of the danger and, having a reasonable opportunity to avoid it, voluntarily exposed himself to the danger.

### THIRTEENTH AFFIRMATIVE DEFENSE

Prior to the alleged incident, the alleged condition was not reasonably foreseeable to Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is a fraud in whole or in part.

### FIFTHTEENTH AFFIRMATIVE DEFENSE

Prior to the alleged incident, Defendant did not have actual or constructive notice of the alleged condition.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in whole or in part because the Complaint fails to state a claim upon which relief can be granted.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries and damages, if any, were caused in whole or in part by the negligent and/or reckless conduct of plaintiff himself. Consequently, Plaintiff's recovery is barred or must be reduced in accordance with his comparative negligence.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, any award of damages to the Plaintiff must be reduced for any collateral source payments.

Defendant hereby reserves the right to amend its Affirmative Defenses as more facts become known through the course and scope of discovery.

**WHEREFORE**, Defendant Carnival, having answered Plaintiff's Complaint and raised affirmative defenses thereto, prays that Plaintiff's action be dismissed with prejudice.

Respectfully submitted,

MASE, LARA, EVERSOLE, P.A.
*Attorneys for Defendant*
2601 South Bayshore Drive, Suite 800
Miami, Florida  33133
Telephone:  (305) 377-3770
Facsimile:   (305) 377-0080

By:     /s/ Leah H. Martinez
CURTIS J. MASE
Florida Bar No. 478083
cmase@mletrial.com
LEAH H. MARTINEZ
Florida Bar No. 017383
lmartinez@mletrial.com

CASE NO. 05-22550 CIV-MOORE/TORRES

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of May, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Leah H. Martinez
Leah H. Martinez

CASE NO. 05-22550 CIV-MOORE/TORRES

## SERVICE LIST
### Leslie v. Carnival
### CASE NO.: 05-22550 CIV-MOORE/GARBER
### United States District Court, Southern District of Florida

Michael D. Eriksen, Esq.
MDE@Travelaw.com
*Counsel for Plaintiff*
Eriksen Law Firm
2161 Palm Beach Lakes Boulevard
Suite 217
West Palm Beach, FL 33409
Tel: (866) 493-9902
Fax: (561) 533-8715
(Via Email)

17153/129